UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DEWHITE D. JOHNSON,

        **Plaintiff,**

        v.                                      Case No. 25-C-1401

MATTHEW BURNS,

        **Defendant.**

─────────────────────────────────────────────

## DECISION AND ORDER GRANTING MOTION TO DISMISS

─────────────────────────────────────────────

Plaintiff Dewhite D. Johnson is representing himself in this 42 U.S.C. § 1983 action. On November 4, 2025, the court screened the amended complaint and allowed Plaintiff to proceed on a failure to protect claim against Defendant Lt. Matthew Burns. On December 22, 2025, Defendant filed a motion to dismiss, arguing that Plaintiff's claim against him is barred by the relevant statute of limitations. For the reasons explained below, the court will grant Defendant's motion to dismiss and the case will be dismissed.

Defendant argues that Plaintiff's claim is barred by the statute of limitations because the claims accrued more than three years before Plaintiff filed his complaint. Dkt. No. 12 at 1. A § 1983 lawsuit must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In Wisconsin, the statute of limitations for an incident that occurred after April 5, 2018, is three years. *See* Wis. Stat. § 893.53; *D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that the Wisconsin legislature changed the relevant statute of limitations from six years to three years). According to

the amended complaint, the incident giving rise to this lawsuit occurred on March 11, 2022. Plaintiff did not file this lawsuit until September 12, 2025, more than three years after the claim accrued.

Plaintiff asserts that the statute of limitations is tolled during an individual's period of imprisonment. He cites Wis. Stat. § 893.16 for the proposition that an action may be commenced within two years after a person's incarceration. But that is not what the statute says. The statute provides:

> If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.

Wis. Stat. § 893.16. In Wisconsin, there is no tolling of the statute of limitations period during a prisoner's incarceration. *See Maddox v. Berge*, 473 F. Supp. 2d 888, 894 (W.D. Wis. 2007). Because Plaintiff did not file this lawsuit until September 12, 2025, it is time-barred under Wisconsin's three-year statute of limitations.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (Dkt. No. 11) is **GRANTED**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 26th day of January, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.